IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-52-BO

| | | |
|---|---|---|
| KEVIN SPENCER, <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | ORDER |
| UNITED STATES OF AMERICA, <br> Defendants. | ) <br> ) <br> ) | |

This matter is before the Court on defendant's motion to dismiss. [DE 6]. The matter is ripe for ruling. For the following reason's, defendant's motion is GRANTED.

Plaintiff Kevin Spencer, proceeding *pro se*, filed a complaint in North Carolina Small Claims Court alleging that a coworker at the Transportation Security Administration, Nicole Parra, had libeled and slandered him. Because Ms. Parra was acting within the scope of her employment with the federal government during the events giving rise to the complaint, the United States of America removed the case to federal court and substituted itself as the defendant. *See* 28 U.S.C. § 2679. The government then moved to dismiss for lack of subject matter jurisdiction.

The Federal Tort Claims Act ("FTCA") establishes the exclusive mechanism by which a plaintiff may bring a tort suit against the federal government. 28 U.S.C. §§ 2671 et seq. It contains an exhaustion requirement—any plaintiff who wishes to bring a tort suit against the federal government must first "present the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). This requirement is jurisdictional and unwaivable. *Henderson v. United States*, 785 F.2d 121, 13 (4th Cir. 1986). Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223

F.3d 275, 278 (4th Cir. 2000). When a plaintiff brings a suit alleging that the federal government has committed a tort, the Court lacks subject matter jurisdiction unless the plaintiff has previously presented an administrative claim and received a denial. *Id.*; 28 U.S.C. § 2675(a).

Here, plaintiff has alleged that a United States employee committed a tort against him,[1] but he has not exhausted his administrative remedies. [DE 7-2]. Therefore, this Court lacks jurisdiction. When a federal court lacks subject matter jurisdiction, a case must be dismissed. Fed. R. Civ. P. 12(b)(1).

Defendant's motion to dismiss [DE 6] is GRANTED. The case is dismissed for lack of jurisdiction.

SO ORDERED, this ___ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, libel and slander are excluded from the FTCA's immunity waiver. 28 U.S.C. § 2680(h).